# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DR. GREEN, INC., a California corporation
                Plaintiff,

v.

JAMES MATTHEW STEPHENS, an individual, and SPECTRUM LABORATORIES, LLC an Ohio limited liability company,
                Defendants.

NORTHWEST WHOLESALE GROUP INC.,
                Garnishee.

NO. 2:22-mc-00097-RLS

**JUDGMENT CREDITOR SPECTRUM LABORATORIES, LLC'S REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

      Judgment Creditor Spectrum Laboratories, LLC ("Judgment Creditor" or "Spectrum") submits this Reply in support of it's Motion for Default Judgment against Garnishee Defendant Northwest Wholesale Group, Inc. ("Northwest" or "Garnishee Defendant"). Judgment Creditor holds a $3,804,416.38 judgment entered in the US District Court for the Southern District of California under case number 11-cv-0638-JAH that was transferred and registered with this court when the judgment debtor Matthew Green moved to Washington state. Judgment debtor Green's company (that is also subject to the judgment) had previously employed Thomas Prieto. When

JUDGMENT CREDITOR'S REPLY IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT- 1



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

judgment debtor Green moved from Southern California to Washington, his former employee Thomas Prieto formed Northwest and has held himself out as the sole owner. However, it appears all sales and revenues are generated and paid to judgment debtor Green and should be subject to judgment creditor's writs of garnishment. Attached to the Pharris Decl. as Exhibit "1" is a true and correct copy of correspondence between Judgment Creditor's counsel and counsel for Green and Northwest containing background regarding judgment debtor Green's "employment" at Northwest.

The Judgment Creditor is entitled to default judgment because Northwest, the Garnishee Defendant failed to file an answer to the writ of garnishment issued by the court and served on Northwest months ago (see Dkt #s 6 and #8)—on December 4, 2022. RCW 6.27.190(1) requires that "The answer of the garnishee shall be signed by the garnishee or attorney or if the garnishee is a corporation, by an officer, attorney or duly authorized agent of the garnishee, under penalty of perjury, and the original and copies delivered, either personally or by mail, *as instructed in the writ.*" (emphasis added).

The Writ (Dkt. #6) instructed Northwest: "***within twenty days (20) after the service*** of the writ upon you, to mail or deliver the original of such answer ***to the court***, one copy to the ***Judgment Creditor or the Judgment Creditor's attorney***, and one copy to Judgment Debtor, at the address listed at the bottom of this writ. (emphasis added). No answer was received by the Judgment Creditor including its attorney, nor was an answer filed within 20 days (or even within 60 days) and therefore Judgment Creditor filed a Motion for Default and Judgment pursuant to

JUDGMENT CREDITOR'S REPLY IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT- 2



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

RCW 6.27.200. *Pharris Declaration in Support of Judgment Creditor's Motion for Default Judgment* ("Pharris Decl."), Dkt.#8, ¶4.

RCW 6.27.200 provides:

"If the garnishee fails to answer the writ within the time prescribed in the writ, after the time to answer the writ has expired and after required returns or affidavits have been filed, showing service on the garnishee and service on or mailing to the defendant, it shall be lawful for the court to render judgment by default against such garnishee, after providing a notice to the garnishee by personal service or first-class mail deposited in the mail at least ten calendar days prior to entry of the judgment, for the full amount claimed by the plaintiff against the defendant, or in case the plaintiff has a judgment against the defendant, for the full amount of the plaintiff's unpaid judgment against the defendant with all accruing interest and costs as prescribed in RCW 6.27.090:….and in addition, the plaintiff shall be entitled to a reasonable attorney's fees for the plaintiff's response to the garnishee's motion to reduce said judgment against the garnishee under this proviso and the court may allow additional attorney's fees for other actions taken because of the garnishee's failure to answer."

On February 6, 2023, three days after the Motion for Default Judgment (Dkt. # 7) was filed, the Garnishee Defendant Northwest filed an answer and served a copy on Judgment Creditor for the first time. Attached as Exhibit A to the Pharris Reply Decl. in support of Judgment Creditor's Motion for Default is the estimated and actual billings related to the motion for default totaling $7,765. At a minimum, the court should enter judgment against Northwest for the legal fees incurred by Judgment Creditor and relating to the Motion. Also attached as Exhibit B to the Pharris Reply Decl. in support of the Motion is detailed information regarding judgment debtor's ongoing earnings as indicated by the judgment debtor in his supplemental proceeding examination. Nonetheless, the court should also enter the judgment submitted by Judgment Creditor with the Motion.

JUDGMENT CREDITOR'S REPLY IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT- 3

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

DATED this 17th day of February 2023.

                                          LASHER HOLZAPFEL
                                          SPERRY & EBBERSON, PLLC

                                          */s/ Danial D. Pharris*
                                          Danial D. Pharris, WSBA No. 13617
                                          Julie M. Pendleton, WSBA No. 52882
                                          Attorneys for Judgment Creditor

JUDGMENT CREDITOR'S REPLY IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT- 4



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

# DECLARATION OF SERVICE

On February 17, 2023, I caused to be served a true and correct copy of the foregoing document upon counsel of record, at the address stated below, via the method of service indicated:

| | |
|---|---|
| Jesse D. Conway<br>Conway Law, PPLC<br>1014 Franklin Street, Suite<br>Vancouver, WA 98660<br><br>JESSE@CONWAYLAW.NET | ☐ Via Messenger<br>☐ Via E-Service via King County<br>☐ Via Overnight Delivery<br>☐ Via U.S. Mail<br>☑ Via Email |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 17th day of February, 2023, at Seattle, Washington.

By: /s/ Elizabeth Luksetich
Elizabeth Luksetich, Legal Assistant

JUDGMENT CREDITOR'S REPLY IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT- 5

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563