UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DR. GREEN INC., <br><br> Plaintiff,[1] <br> v. <br><br> JAMES MATTHEW STEPHENS and SPECTRUM LABORATORIES LLC, <br><br> Defendants, <br><br> v. <br><br> NORTHWEST WHOLESALE GROUP INC., <br><br> Garnishee-Defendant. | CASE NO. 2:22-mc-00097-LK <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Judgment Creditor Spectrum Laboratories LLC's Motion for Default Judgment Against Garnishee-Defendant Northwest Wholesale Group Inc. Dkt.

---

[1] The Court uses the case caption generated by Judgment Creditor Spectrum Laboratories and currently reflected on the docket, *see* Dkt. No. 1 at 1, but as discussed below, the Clerk of Court is directed to amend the case caption to accurately reflect the parties involved in this garnishment proceeding. *See* Wash. Rev. Code § 6.27.070(1).

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 1

No. 7. Northwest Wholesale opposes the motion. Dkt. No. 10. For the reasons stated herein, Spectrum's motion is denied.

I.       BACKGROUND

Upon application by Spectrum, the Court issued a writ of garnishment as to Northwest Wholesale on December 1, 2022, in relation to an outstanding $3,804,416.38 judgment entered against Judgment Debtor Matthew Green. Dkt. No. 6 at 1–2; *see also* Dkt. Nos. 1, 4–5. Spectrum served the writ and a blank answer form on Northwest Wholesale on December 4, 2022. Dkt. No. 8 at 5. The writ ordered Northwest Wholesale to answer within 20 days of service and cautioned that failure to answer as commanded may result in a judgment against it in the full amount of the unsatisfied judgment against Matthew Green, plus fees and costs. Dkt. No. 6 at 2. On February 3, 2023, following Northwest Wholesale's failure to answer within 20 days, Spectrum moved for default judgment pursuant to Section 6.27.200 of the Revised Code of Washington. Dkt. No. 7 at 1–2. Spectrum served its motion and accompanying declaration on Northwest Wholesale the same day. Dkt. No. 7 at 4; Dkt. No. 8 at 3.

Three days later, on February 6, 2023, Northwest Wholesale filed an answer to the writ of garnishment, dated December 6, 2022, stating that it did not have possession of or control over any funds, personal property, or effects of Matthew Green. Dkt. No. 9 at 1–2. In its opposition to Spectrum's motion, Northwest Wholesale maintains that the writ was indeed answered on December 6 and "[c]ounsel's notes indicate[] that the answer was mailed out that same day," but that "no declaration of service was filed." Dkt. No. 10 at 1; *see also* Dkt. No. 13 at 2. Nevertheless, Spectrum argues that it is entitled to default judgment due to Northwest Wholesale's failure to timely answer, and at a minimum, the Court should enter judgment in its favor on the estimated $7,765 in costs and fees accrued by Spectrum in connection with its default motion. Dkt. No. 14

at 2–3.[2]

## II. DISCUSSION

### A. Correcting the Case Caption

As an initial matter, the Court notes that Spectrum's application and proposed writ included an inaccurate case caption which is currently reflected on the docket. *See* Dkt. No. 1 at 1; Dkt. No. 1-2 at 1. Section 6.27.070 of the Revised Code of Washington directs that garnishment cases be docketed "in the names of the judgment creditor as plaintiff, the judgment debtor as defendant, and the garnishee as garnishee defendant[.]" Wash. Rev. Code § 6.27.070(1). In this case, Dr. Green Inc. is listed as the Plaintiff despite being a judgment debtor and not the apparent target of this garnishment proceeding, *see* Dkt. No. 4 at 3–4; Dkt. No. 5 at 1, and James Matthew Stephens is listed as a Defendant despite being previously dismissed from the underlying case in 2017, *see* Dkt. No. 4 at 35 (Docket Number 280). Although "the caption of an action is only the handle to identify it" and "chiefly for the court's administrative convenience," *Hoemke v. Macy's W. Stores LLC*, No. CV-20-01317-PHX-DWL, 2020 WL 5229194, at *1 (D. Ariz. Sept. 2, 2020) (cleaned up), the garnishment statute mandates that Spectrum be named as the plaintiff as judgment creditor,

---

[2] Northwest Wholesale filed a surreply and supplemental declaration. Dkt. Nos. 16–17. Under Local Civil Rule 7(g), surreplies are "strictly limited" to addressing requests to strike "material contained in or attached to a reply brief." LCR 7(g)(2). "Extraneous argument or a surreply filed for any other reason will not be considered." *Id.* Here, Northwest Wholesale's surreply is not limited to "requests to strike material" in Spectrum's reply and is also procedurally improper because Northwest Wholesale did not file a notice of intent to file a surreply as required by Local Civil Rule 7(g)(1). Therefore, the Court strikes these filings. The Court also strikes Docket Numbers 18, 19, 20, and 21 because they too are procedurally improper under Local Rule 7(g)(1) and (g)(4).

In addition, because Spectrum's new arguments in its reply brief regarding judgment debtor Green's employment at Northwest Wholesale are procedurally improper, the Court does not consider them. If Spectrum wished to controvert Northwest Wholesale's answer, it should have done so through an affidavit or a brief other than a reply brief. *See* Wash. Rev. Code § 6.27.210; *Blair v. GIM Corp.*, 945 P.2d 1149, 1151 (Wash. Ct. App. 1997). Because the garnishment statute provides the garnishee an opportunity to respond in the event its answer is controverted, Wash. Rev. Code § 6.27.220, because the Local Civil Rules restrict a party's ability to file further briefing after a reply brief, LCR 7, and because applicable law prohibits introduction of new arguments in a reply brief, *see United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993), a reply brief is an improper vehicle for controverting an answer.

If the parties continue to engage in improper or frivolous briefing in the future, the Court may impose sanctions.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 3

Matthew Green the defendant as judgment debtor, and Northwest Wholesale the garnishee defendant as garnishee.

Thus, the Clerk of Court is directed to amend the case caption to match the writ of garnishment, Dkt. No. 6 at 1, in accordance with Section 6.27.070(1).

## B. Spectrum Is Not Entitled to Default Judgment

Turning to Spectrum's pending motion, Dkt. No. 7, the Court finds that Spectrum is not entitled to default judgment. In garnishment proceedings, garnishee defendants are required to answer "as instructed in the writ." Wash. Rev. Code § 6.27.190(1). If the garnishee defendant fails to answer the writ within the time prescribed,

> after the time to answer the writ has expired and after required returns or affidavits have been filed, showing service on the garnishee and service on or mailing to the defendant, it shall be lawful for the court to render judgment by default against such garnishee, after providing a notice to the garnishee by personal service or first-class mail deposited in the mail at least ten calendar days prior to entry of the judgment[.]

*Id.* § 6.27.200.

Here, absent a declaration of service, it appears Northwest Wholesale is unable to concretely establish that it answered the writ within 20 days of service as directed. *See* Dkt. No. 6 at 2; Dkt. No. 13 at 2. At the same time, Spectrum has not demonstrated that it properly served the writ on Northwest Wholesale—or on Matthew Green—as required prior to the entry of default judgment. *See* Wash. Rev. Code § 6.27.200 (permitting default judgment "after required returns or affidavits have been filed, showing service on the garnishee and service on or mailing to the defendant"). With respect to Northwest Wholesale,

> [s]ervice of the writ of garnishment . . . on the garnishee is invalid unless the writ is served together with: (a) An answer form . . . ; and (b) a check or money order made payable to the garnishee in the amount of twenty dollars for the answer fee if the writ of garnishment is not a writ for a continuing lien on earnings.

Wash. Rev. Code § 6.27.110(1). Spectrum avers that it served "the Writ of Garnishment and a

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 4

blank form for providing an Answer to the Writ," but nowhere mentions a $20 check or money order. Dkt. No. 8 at 2, 5. In addition, with respect to Matthew Green, Spectrum was required to:

> mail or cause to be mailed to the judgment debtor, by certified mail, addressed to the last known post office address of the judgment debtor, (a) a copy of the writ and a copy of the judgment creditor's affidavit submitted in application for the writ, and (b) if the judgment debtor is an individual, the notice and claim form prescribed in RCW 6.27.140. In the alternative, on or before the day of the service of the writ on the garnishee or within two days thereafter, the stated documents shall be served on the judgment debtor in the same manner as is required for personal service of summons upon a party to an action.

Wash. Rev. Code § 6.27.130(1). The Court may not enter any "disbursement order or judgment against [Northwest Wholesale]" unless Spectrum files the required "return or affidavit of service or mailing" showing that the (1) writ, (2) judgment or affidavit, and (3) notice and claim form were mailed or served as provided under the statute. Wash. Rev. Code § 6.27.130(2); *see also Yohannes v. Olympic Collection Inc.*, No. 19-35888, 2022 WL 911782, at *2 (9th Cir. Mar. 29, 2022) ("[I]f RCW § 6.27 permitted a writ of garnishment to issue without a process by which service to the debtor is confirmed by the state court before execution of the writ of garnishment, then such a procedure would violate due process as applied."). Spectrum has filed nothing indicating it has complied with Section 6.27.130, and therefore it is not entitled to default judgment under Section 6.27.200.

The Court cautions Spectrum that "[g]arnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute." *Watkins v. Peterson Enterprises, Inc.*, 973 P.2d 1037, 1043 (Wash. 1999); *see also id.* at 1048–49 (concluding that "attorney fees and costs provided by RCW 6.27.090 are recoverable only when statutory procedures are followed," and "a creditor must obtain a default judgment against a nonresponsive garnishee in order to recover the attorney fees and costs associated with the unanswered writ."). Because Spectrum has failed to adhere to the statutory procedures, its motion is denied.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 5

### III. CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of Court is directed to amend the case caption to match the writ of garnishment, Dkt. No. 6 at 1, in accordance with Section 6.27.070(1) of the Revised Code of Washington and this Order.

2. Spectrum's motion for default judgment, Dkt. No. 7, is DENIED.

3. The Court STRIKES Docket Numbers 16–21.

Dated this 30th day of May, 2023.

*Lauren King*

Lauren King
United States District Judge